UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br>-v-<br>GERALD KAI MITCHELL,<br>                    Defendant. | No. 1:17-cr-218<br><br>Honorable Paul L. Maloney |

## OPINION

This matter is before the Court on Defendant Gerald Mitchell's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 43), and related filings. For the reasons to be explained, Mitchell is not entitled to any of the relief he seeks.

### I.    Facts

#### A. This Conviction

In October 2017, Mitchell was indicted on one count of robbery and one count of assault (ECF No. 14). In December 2017, Mitchell pleaded guilty to Count I, robbery (ECF Nos. 23, 27). Prior to sentencing, Mitchell's appointed counsel, Attorney Sean Tilton, objected to Mitchell's designation as a career offender (*see* ECF No. 30). Tilton later withdrew that objection (*see* ECF No. 35). The Court sentenced Mitchell, as a career offender, to 144 months' imprisonment (ECF No. 38).

#### B. March 2012 Conviction

In March 2012, Mitchell was sentenced to five years' custody for committing an aggravated assault in Tennessee (*see* ECF No. 36-1 at PageID.122). The judgment in that

case referred to the statute of conviction (T.C.A. § 39-13-102, Aggravated Assault) without reference to any subsection, but it did indicate that the offense was a Class C felony (*Id.*).

The Presentence Investigation Report ("PSR") prepared before sentencing in this Court indicated that the five-year term of custody was suspended, but in 2013, Mitchell's probation was revoked and the five-year custodial sentence was reinstated (PSR, ECF No. 31 at ¶ 37).

### C. July 2012 Conviction

In July 2012, Mitchell was sentenced to three years' custody for committing a second aggravated assault in Tennessee (ECF No. 36-1 at PageID.126). Again, the judgment referred to the same statute of conviction without reference to a subsection, but it did indicate that the offense was a Class C felony (*Id.*). The complaint prepared in this case described Mitchell as punching the victim in the face and breaking the victim's jaw (*Id.* at PageID.124).

The PSR prepared before sentencing in this Court indicated that the three-year term of custody was suspended, but in 2013, his probation was revoked and the sentence was reinstated (PSR, ¶ 40).

### D. January 2016 Conviction

In January 2016, Mitchell was sentenced to six years' custody for committing a third aggravated assault in Tennessee (ECF No. 36-1 at PageID.130). Again, the judgment referred to the same statute of conviction without reference to a subsection, but it again indicated that the offense was a Class C felony (*Id.*). The complaint in this case described Mitchell as striking one victim with a handgun and punching another (*Id.* at PageID.129).

The PSR prepared before sentencing in this Court indicated that the six-year term of custody was suspended (PSR, ¶ 42). In 2017, Mitchell violated his probation and an arrest warrant issued (*Id.*). The warrant was amended in 2018, and as of the date of the PSR, remained outstanding (*Id.*).

### E. This § 2255 Motion

On April 22, 2019, Mitchell filed a timely § 2255 motion (ECF No. 43). He has filed two supplemental filings (ECF Nos. 45, 55), as well as a "motion to alter judgment" which the Court will treat as a third supplemental filing (ECF No. 48). The Government has responded (ECF No. 47). Mitchell has also filed several motions to appoint counsel (ECF Nos. 46, 51, 54).

## II. Legal Standard

### A. Merits

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation marks omitted)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a

§ 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

### B. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). No hearing is required if a petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### C. Procedural Default

Generally, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Id.* An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### D. Ineffective Assistance of Counsel

The right to counsel at a criminal trial, enshrined in the Sixth Amendment, assures the fairness and legitimacy of the trial process. *See Kimmelman v. Morrison*, 477 U.S. 365,

4

374 (1986). Establishing ineffective assistance of counsel can therefore excuse the failure to raise a particular claim at trial or on direct appeal. *Id.* at 383; *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). The two-part test for ineffective assistance of counsel was outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must first show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. When reviewing allegations of ineffective assistance, this Court must "strongly presume[]" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]" *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690 (internal quotation marks omitted)). The defendant must also show that, but for counsel's errors and omissions, a reasonable probability exists that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Explained another way, the defendant must show that the alleged errors in counsel's performance created actual prejudice and worked to the defendant's "substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). For this second factor, the defendant must show actual prejudice, not the mere possibility of prejudice. *Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986).

Ultimately, the question is not simply whether defense counsel was simply inadequate, but rather whether defense counsel was so thoroughly ineffective that the errors caused defeat that was "snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc). Necessarily then, when the alleged underlying error by counsel lacks merit, counsel cannot be deemed constitutionally ineffective for failing to raise the issue. *See Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *Ludwig v. United States*,

162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments in order to avoid a charge of ineffective assistance of counsel.").

### III. Analysis

In Mitchell's initial motion, he brings three arguments in support of his request: that he was improperly sentenced as a career offender because he never served a term of imprisonment exceeding one year; that trial counsel was ineffective for failing to object to his designation as a career offender; and that Tennessee's statutes are "too vague." The Court will consider his arguments in the order presented.

First, Mitchell's prior convictions. A defendant is properly classified as a career offender if, among other qualifications, he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Application Note 1 to U.S.S.G. § 4B1.2 explains that "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." The Sixth Circuit has affirmed that a prior felony conviction means a conviction punishable by a term of imprisonment exceeding one year, regardless of the actual sentence. *See, e.g., United States v. Smith*, 681 F. App'x 483, 490 (6th Cir. 2017) ("That Smith's conduct was relatively minor and may have garnered a sentence less than one year in jurisdictions other than Illinois does not prevent his convictions from serving as predicate offenses."). Thus, regardless of the sentences imposed, all three of Mitchell's prior convictions are felonies because they were punishable by a term of imprisonment exceeding one year.

Not only are his previous convictions felonies, they are violent felonies. To reach this determination, the Court begins with the statute of conviction: T.C.A. § 39-13-102. That statute provides:

> (a)(1) A person commits aggravated assault who:
>    (A) Intentionally or knowingly commits an assault as defined in § 39-13-101, and the assault:
>       (i) Results in serious bodily injury to another;
>       (ii) Results in the death of another;
>       (iii) Involved the use or display of a deadly weapon; or
>       (iv) Involved strangulation or attempted strangulation; or
>    (B) Recklessly commits an assault as defined in § 39-13-101(a)(1), and the assault:
>       (i) Results in serious bodily injury to another;
>       (ii) Results in the death of another; or
>       (iii) Involved the use or display of a deadly weapon.

When a statute includes alternative elements like this, it is divisible, so a "modified categorical approach" may be used to ascertain which version of a particular crime a defendant committed. *Descamps v. United States*, 570 U.S. 254, 261-62, (2013). Under the modified categorical approach, courts review "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). If, after review of the documents, the defendant was convicted of knowingly or intentionally committing an assault, that conviction counts as a crime of violence. *See United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011); *United States v. Cooper*, 739 F.3d 873 (6th Cir. 2014). An offense with the *mens rea* of recklessness, however, does not qualify as a crime of violence. *Borden v. United States*, 141 S. C.t 1817, 1834 (2021).

The statute at issue has clearly delineated subsections for "intentionally or knowingly" and "recklessly." And, importantly, the statute later clarifies that

> (e)(1)(A) Aggravated assault under:
> (i) Deleted by 2018 Pub. Acts, c. 925, § 3, eff. July 1, 2018
> (ii) Subdivision (a)(1)(A)(i), (iii), or (iv) is a Class C felony;
> (iii) Subdivision (a)(1)(A)(ii) is a Class C felony;
> (iv) Subdivision (b) or (c) is a Class C felony;
> (v) Subdivision (a)(1)(B)(i) or (iii) is a Class D felony;
> (vi) Subdivision (a)(1)(B)(ii) is a Class D felony.

Thus, convictions under the "intentionally or knowingly" subsection are Class C felonies, but convictions under the "recklessly" subsection are Class D felonies. After review of the *Shepard*[1] documents in this case, the answer is clear: each of Mitchell's convictions were Class C felonies, so each of Mitchell's convictions had the *mens rea* of intentionally or knowingly. Therefore, each of Mitchell's three aggravated assault convictions are appropriately considered violent felonies for the purpose of his career offender status. Mitchell was properly sentenced as a career offender, so his argument to the contrary is meritless. This means that Mitchell's second argument – ineffective assistance of counsel – also fails. Counsel cannot be found ineffective for failing to raise a meritless argument. *See Sutton v. Bell,* 645 F.3d 752, 755 (6th Cir. 2011).

Mitchell's third argument is that Tennessee's statutes (presumably including T.C.A. § 39-13-102) are "broad" and "vague" in some way. Mitchell raises this argument in a short paragraph, with no explanation of why he believes this entitles him to relief. The Court need not review such a conclusory claim counsel. *See Prince v. Straub,* 78 F. App'x 440, 442 (6th

---

[1] *Shepard v. United States,* 544 U.S. 13, 26 (2005).

Cir. 2003) ("Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.").

In his first supplemental filing, Mitchell raises a fourth argument: robbery is a crime of violence, but attempted robbery is not, so § 4B1.1 and its career offender designation does not even apply to him (ECF No. 45). The career offender designation applies when the "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense[.]" U.S.S.G. § 4B1.1(a). The Sixth Circuit has held that attempted robbery is a crime of violence under the sentencing guidelines. *See, e.g., United States v. Jackson*, 704 F. App'x 484, 498 (6th Cir. 2017). Therefore, the instant offense of conviction is a crime of violence and § 4B1.1 applies to Mitchell. His argument to the contrary is rejected.

And in his later supplemental filings (ECF Nos. 48, 55), Mitchell asks the Court to consider the impact of *United States v. Davis*, 139 S. Ct. 2319 (2019), where the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague. But this does not apply to Mitchell's case: he did not receive any sentencing enhancements under § 924. Thus, *Davis* has no impact on his sentence. To the extent that the July 22, 2019 filing is a motion, it will be denied.

Finally, the Court acknowledges Mitchell's repeated requests for counsel. The Court may appoint counsel to assist with a § 2255 motion "[w]henever the United States Magistrate or the court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). Because the Court finds that Mitchell's arguments are legally meritless, the Court concludes that the interest of justice would not be served by the appointment of counsel.

## IV. Conclusion

The Court finds no merit to any of Mitchell's arguments. Because Mitchell's arguments are contrary to law, the Court need not hold a hearing on his motion or appoint counsel to him. Consequently, the Court will deny the motion under § 2255.

Under 28 U.S.C. § 2253(c), the Court must determine whether to issue a certificate of appealability. A certificate should issue if the movant has demonstrated "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved of issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, to warrant a grant of the certificate, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The Court has carefully considered the issues under the *Slack* standard and concludes that reasonable jurists could not find that this Court's denial of Defendant's claims was debatable or wrong. Accordingly, the Court will deny a certificate of appealability.

An order and judgment will enter consistent with this Opinion.

Date: July 15, 2021　　　　　　　　　　　　　　　　　/s/ Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge